# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2016

Lyle W. Cayce
Clerk

No. 16-40437
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LUIS ANGEL AZUARA-AHUMADA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-999-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Luis Angel Azuara-Ahumada pleaded guilty to possessing, with the intent to distribute, 3.125 kilograms of cocaine, in violation of 21 U.S.C. § 841, and was sentenced to 37-months' imprisonment. He challenges the district court's denial of a minor-role adjustment, pursuant to Guideline § 3B1.2, by contending for the first time on appeal that the court denied the adjustment pursuant to its fixed policy of denying it to all South Texas drug couriers.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-40437

Because Azuara did not raise this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Azuara must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Azuara has not demonstrated the court committed the requisite clear or obvious error. When its remarks are reviewed as a whole, it is not clear or obvious that the court has a set policy of denying the § 3B1.2 adjustment to all drug couriers. To the contrary, the court invited argument in favor of the reduction, paused the proceedings to consider the newly amended commentary to the Guideline, noted Azuara possessed a dangerous drug in a large quantity, and found he played a significant role in the instant offense. The court also adopted the presentence investigation report, which listed the specifics of the offense, including: the vehicle used in the offense was registered to Azuara; he went on a scouting trip to Houston with others to familiarize himself with area highways; and he was entrusted with large quantities of drugs on multiple occasions. In short it is not clear or obvious that the court denied the § 3B1.2 adjustment without making an individualized assessment of Azuara's circumstances. *See Puckett*, 556 U.S. at 135.

AFFIRMED.